1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALBERT T. VASQUEZ,

       Plaintiff,

  vs.

CHIEF EDWARD C. FLORES, et al.,

       Defendant(s).

No. C 06-02984 JW (PR)

ORDER OF PARTIAL DISMISSAL
AND OF SERVICE; GRANTING
LEAVE TO PROCEED *IN FORMA
PAUPERIS*; DIRECTING
DEFENDANTS TO FILE
DISPOSITIVE MOTION OR NOTICE
REGARDING SUCH MOTION

On August 15, 2006, plaintiff, an inmate at the Santa Clara County Jail, filed an amended pro se complaint under 42 U.S.C. § 1983 against various jail employees. Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.    Review Pursuant to 28 U.S.C. § 1915A

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must,

Order of Service
N:\Pro - Se\8.17.2007\06-2987 Vasquez02984_service.wpd

however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Having reviewed the complaint, the Court finds cognizable plaintiff's claims: (1) that jail officials used excessive force in tightening waist chains around plaintiff and leaving him locked to a chair: (2) that jail officials conducted body cavity searches of plaintiff for purposes of sexual harassment; (3) interfered with his incoming and outgoing mail; (4) deprived him of adequate medical care; and (5) deprived him of adequate outdoor exercise time.

Plaintiff's allegation that jail officials "abused [their] authority" by taking and destroying some of plaintiff's personal property does not state a cognizable claim for relief.  Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized, however.  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128 (1990).  California law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  In addition, plaintiff's claim that he lost 90 days of "pro per privileges" for seeking to photocopy a police report is not cognizable.  Plaintiff cites no authority, and this Court is aware of

1   none, that such a loss violates his constitutional rights or any other provision of federal

2   law.

3          Plaintiff names as defendants the Santa Clara County Board of Supervisors, and

4   its individual members, alleging simply that they are "legally responsible" for the

5   actions of jail officials.  To state a claim under § 1983, a plaintiff must set forth specific

6   facts as to each individual defendant's conduct that proximately caused a violation of

7   his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Plaintiff makes no

8   allegations regarding specific conduct by the Board of Supervisors or its individual

9   members, or regarding actions they should have taken, that caused the alleged

10  constitutional violations above.  Naming the Board of Supervisors and its members on

11  the apparent theory that they are responsible for the actions and omissions of jail

12  employees and subordinates, will not suffice because it is well settled that there is no

13  respondeat superior liability under § 1983.  See Taylor v. List, 880 F.2d 1040, 1045 (9th

14  Cir. 1989) (holding liability may not be based solely on fact defendant is generally

15  responsible for actions or omissions of another).  Moreover,  naming the Board as a

16  whole does not suffice to state a cognizable claim against its individual members

17  because a defendant cannot be held liable based solely on his membership in a group;

18  rather, a showing of his individual participation in unlawful conduct is required.  See

19  Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting

20  jury to find individual liable as member of team, without any showing of individual

21  wrongdoing, is improper).

**CONCLUSION**

22          For the reasons stated above, the Court orders as follows:

24          1.      Plaintiff's request to proceed in forma pauperis (Docket No. 2) is

25  GRANTED.  The total filing fee that will ultimately be due is $350.00.  In view of

26  plaintiff's income and account balance over the last six months, no initial partial filing

27

28

Order of Service
N:\Pro - Se\8.17.2007\06-2987 Vasquez02984_service.wpd   3

1    fee is due.  Funds for the filing fee will be taken from income to plaintiff's account in

2    accordance with 28 U.S.C. § 1915(B)(1).  A copy of this order and the attached

3    instructions will be sent to plaintiff, the prison trust account office, and the Court's

4    financial office.

5         2.        Plaintiff's claims against defendants the Santa Clara County Board of

6    Supervisors; Supervisors Donald F. Gage, Blanca Alvarado, Pete McHugh, James T.

7    Beall, and Liz Kniss; and Correctional Officers Armenta and Daigre are DISMISSED

8    for failure to state a cognizable claim for relief.

9         Furthermore, the first amended complaint supersedes the original complaint; any

10   claims from the original complaint not included in the first amended complaint are

11   waived, and any defendants not included in amended complaint are no longer

12   defendants to this action.  See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

13   Cir. 1981) (causes of action not included in amended complaint are waived); Ferdik v.

14   Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992) (defendants not named in an amended

15   complaint are no longer defendants); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)

16   (original complaint properly ignored following amendment).

17        3.        The clerk of the Court shall issue summons and the United States

18   Marshal shall serve, without prepayment of fees, a copy of the **August 15, 2006**

19   **amended complaint** in this matter, all attachments thereto, and a copy of this order

20   upon **Chief Edward C. Flores, Captain Toby Wong, Sergeant Semeca, Sergeant**

21   **Ferchetti, Lieutenant Conner, Correctional Officer Vargas, Correctional Officer**

22   **Martin, Correctional Officer Arndt, and Dr. Alexander Chorny** at the **Santa Clara**

23   **County Jail**.  The clerk shall also mail courtesy copies of the **August 15, 2006**

24   **amended complaint** and this order to the California Attorney General's Office.

25        4.        No later than **ninety (90) days** from the date of this order, defendants

26   shall file a motion for summary judgment or other dispositive motion with respect to the

27

28   Order of Service
     N:\Pro - Se\8.17.2007\06-2987 Vasquez02984_service.wpd        4

1    claims in the amended complaint found to be cognizable above.

2              a.    If defendants elect to file a motion to dismiss on the grounds

3    plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

4    § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to

5    <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003), <u>cert.</u> <u>denied</u> <u>Alameida v.</u>

6    <u>Terhune</u>, 540 U.S. 810 (2003).

7              b.    Any motion for summary judgment shall be supported by adequate

8    factual documentation and shall conform in all respects to Rule 56 of the Federal Rules

9    of Civil Procedure.  **Defendants are advised that summary judgment cannot be**

10   **granted, nor qualified immunity found, if material facts are in dispute.  If any**

11   **defendant is of the opinion that this case cannot be resolved by summary**

12   **judgment, he shall so inform the Court prior to the date the summary judgment**

13   **motion is due.**

14         5.    Plaintiff's opposition to the dispositive motion shall be filed with the

15   Court and served on defendants no later than **forty-five (45) days** from the date

16   defendants' motion is filed.

17              a.    In the event the defendants file an unenumerated motion to dismiss

18   under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

19           The defendants have made a motion to dismiss pursuant to Rule
             12(b) of the Federal Rules of Civil Procedure, on the ground you
20           have not exhausted your administrative remedies.  The motion will,
             if granted, result in the dismissal of your case.  When a party you
21           are suing makes a motion to dismiss for failure to exhaust, and that
             motion is properly supported by declarations (or other sworn
22           testimony) and/or documents, you may not simply rely on what
             your complaint says.  Instead, you must set out specific facts in
23           declarations, depositions, answers to interrogatories, or documents,
             that contradict the facts shown in the defendant's declarations and
24           documents and show that you have in fact exhausted your claims.

25   _____

26        [1] The following notice is adapted from the summary judgment notice to be
     given to <u>pro se</u> prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th
27   Cir. 1998) (en banc).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

28   Order of Service
     N:\Pro - Se\8.17.2007\06-2987 Vasquez02984_service.wpd    5

1

2

If you do not submit your own evidence in opposition, the motion
to dismiss, if appropriate, may be granted and the case dismissed.

3

      b.      In the event defendants file a motion for summary judgment,

the Ninth Circuit has held that the following notice should be given to plaintiffs:

4

5

6

7

8

9

10

11

12

13

14

The defendants have made a motion for summary judgment by
which they seek to have your case dismissed.  A motion for
summary judgment under Rule 56 of the Federal Rules of Civil
Procedure will, if granted, end your case.
Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be
granted when there is no genuine issue of material fact--that is, if
there is no real dispute about any fact that would affect the result of
your case, the party who asked for summary judgment is entitled to
judgment as a matter of law, which will end your case.  When a
party you are suing makes a motion for summary judgment that is
properly supported by declarations (or other sworn testimony), you
cannot simply rely on what your complaint says.  Instead, you must
set out specific facts in declarations, depositions, answers to
interrogatories, or authenticated documents, as provided in Rule
56(e), that contradict the facts shown in the defendants'
declarations and documents and show that there is a genuine issue
of material fact for trial.  If you do not submit your own evidence
in opposition, summary judgment, if appropriate, may be entered
against you.  If summary judgment is granted in favor of
defendants, your case will be dismissed and there will be no trial.

15

16

17

18

19

20

21

22

23

24

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised

to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett,

477 U.S. 317 (1986) (holding party opposing summary judgment must come forward

with evidence showing triable issues of material fact on every essential element of his

claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for

summary judgment may be deemed to be a consent by plaintiff to the granting of the

motion, and granting of judgment against plaintiff without a trial.  See Ghazali v.

Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651,

653 (9th Cir. 1994).

25

26

      6.      Defendants shall file a reply brief no later than **fifteen (15) days** after

plaintiff's opposition is filed.

27

28

      7.      The motion shall be deemed submitted as of the date the reply brief is due.

**United States District Court**
For the Northern District of California

Order of Service
N:\Pro - Se\8.17.2007\06-2987 Vasquez02984_service.wpd   6

1    No hearing will be held on the motion unless the Court so orders at a later date.

2         8.     All communications by the plaintiff with the Court must be served on

3    defendants, or defendants' counsel once counsel has been designated, by mailing a true

4    copy of the document to defendants or defendants' counsel.

5         9.     Discovery may be taken in accordance with the Federal Rules of Civil

6    Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

7    Local Rule 16-1 is required before the parties may conduct discovery.

8         10.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep

9    the court informed of any change of address and must comply with the court's orders in

10   a timely fashion.  Failure to do so may result in the dismissal of this action for failure to

11   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12        11.    Extensions of time must be filed no later than the deadline sought to be

13   extended and must be accompanied by a showing of good cause.

14

15   DATED: _____August 2, 2007_____        _____

16                                          JAMES WARE
                                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee.  Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee.  This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00).  The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case.  The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance.  The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:   Plaintiff
       Finance Office

Order of Service
N:\Pro - Se\8.17.2007\06-2987 Vasquez02984_service.wpd       8